PD-0456-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 6/1/2015 1:34:02 PM
Accepted 6/1/2015 4:17:49 PM
ABEL ACOSTA
CLERK

**PD-0456-15**

## IN THE COURT OF CRIMINAL APPEALS
## OF THE STATE OF TEXAS

CONTINA FELICIA MEANS
*Appellant*

v.

THE STATE OF TEXAS
*Appellee*

On Petition for Discretionary Review from the Fourteenth Court of Appeals
Cause No. 14-14-00211-CR affirming the conviction in
Cause Number 1916493 from County Criminal Court at Law No. 11 of Harris
County, Texas

### PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

June 1, 2015

ABEL ACOSTA, CLERK

ALEXANDER BUNIN
Chief Public Defender
Harris County, Texas

DAUCIE SCHINDLER
Assistant Public Defender
Harris County, Texas
TBN 24013495
1201 Franklin, 13th Floor
Houston, Texas 77002
Phone: (713) 368-0016
Fax: (713) 368-9278
Daucie.schindler@pdo.hctx.net

**Counsel for Petitioner**

1

## IDENTITY OF PARTIES AND COUNSEL

Petitioner/Appellant

Ms. Contina Felicia Means
8701 South Braeswood Drive
Apt. #249
Houston, Texas 77031

Defense Counsel at Trial

Ms. Cheryl Shooks Brown
3730 Kirby Drive, Suite 1200
Houston, Texas 77098

Prosecutor at Trial

Mr. Joseph Bramanti
Ms. Andrea Koch
*Assistant District Attorneys*
*Harris County*
1201 Franklin Street, 6th Floor
Houston, Texas 77002

Presiding Judge

The Honorable Diane Bull
County Criminal Court No. 11
1201 Franklin Street, 11th Floor
Houston, Texas 77002

Appellant's Counsel

Daucie Schindler
*Assistant Public Defender*
*Harris County*
1201 Franklin Street, 13th Floor
Houston, Texas 77002

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL.................................................................. 2

TABLE OF CONTENTS........................................................................................ 3

INDEX OF AUTHORITIES.................................................................................... 4

STATEMENT REGARDING ORAL ARGUMENT......................................................... 5

STATEMENT OF THE CASE................................................................................. 5

STATEMENT OF PROCEDURAL HISTORY.............................................................. 5

GROUND FOR REVIEW...................................................................................... 6

GROUND ONE: DID THE COURT OF APPEALS ERR IN FAILING TO
PROPERLY ADDRESS THE MERITS OF MS. MEANS' CLAIM THAT THE
STATE'S CLOSING ARGUMENT WAS IMPROPER FOR COMMENTING ON
THE FAILURE TO CALL A WITNESS WHEN IT DID NOT CONSIDER MS.
MEANS' TESTIMONY THAT SHE WAS UNABLE TO LOCATE THE
WITNESS AT THE TIME OF TRIAL ?

REASONS FOR REVIEW...................................................................................... 6

STATEMENT OF FACTS...................................................................................... 6

GROUND ONE: DID THE COURT OF APPEALS ERR IN FAILING TO
PROPERLY ADDRESS THE MERITS OF MS. MEANS' CLAIM THAT THE
STATE'S CLOSING ARGUMENT WAS IMPROPER FOR COMMENTING ON
THE FAILURE TO CALL A WITNESS WHEN IT DID NOT CONSIDER MS.
MEANS' TESTIMONY THAT SHE WAS UNABLE TO LOCATE THE
WITNESS AT THE TIME OF TRIAL ?

ARGUMENT...................................................................................................... 9

PRAYER.......................................................................................................... 12

CERTIFICATE OF COMPLIANCE ....................................................................... 13

CERTIFICATE OF SERVICE................................................................................ 14

# INDEX OF AUTHORITIES

## Cases

*Albiar v. State,* 739 S.W.2d 360 (Tex. Crim. App. 1987) ................................................................10

*Armstrong v. State,* 845 S.W.2d 909 (Tex. Crim. App. 1993) ...........................................................9

*Means v. State,* No. 14-14-00211-CR, 2015 WL 1501759 (Tex. App. -Houston [14th Dist.]

    March 31, 2015) ................................................................................................................11

*Rogers v. State,* 486 S.W.2d 794 (Tex. Crim. App. 1972) ........................................................10, 11, 12

*Sims v. State,* 99 S.W.3d 600 (Tex. Crim. App. 2003) ...................................................................10

## Statutes

Tex. R. App. P. 47.1 ...........................................................................................................9, 11

Tex. R. App. P. 66.3(c) .............................................................................................................6

To the Court of Criminal Appeals of Texas:

Contina Means, the defendant/appellant below, petitions for review of the Fourteenth Court of Appeals' judgment affirming her conviction.

## Statement Regarding Oral Argument

Oral argument would aid in the resolution of the case.

## Statement of the Case

This is a petition for review of a direct appeal brought after a conviction for theft. Ms. Means was charged with the misdemeanor offense of theft of property of the value of over fifty dollars and under five hundred dollars. (C.R. at 5). Ms. Means entered a plea of not guilty on February 18, 2014, and proceeded to trial by jury. The jury found Ms. Means guilty as charged. (C.R. at 50). The court sentenced Ms. Means to 180 days imprisonment in the Harris County Jail, but suspended the sentence and placed Ms. Means on community supervision for one (1) year. (C.R. at 52-53). Ms. Means filed timely notice of appeal on February 19, 2014. (C.R. at 59). Undersigned counsel, of The Harris County Public Defender's Office was appointed to represent Ms. Means on March 6, 2014. (C.R. at 65).

## Statement of Procedural History

On March 31, 2015, in an unpublished opinion in Cause No. 14-14-00211-CR, the Fourteenth Court of Appeals affirmed Ms. Means' conviction. Ms. Means did not

move for rehearing. Ms. Means was granted one extension of time to file this Petition for Discretionary Review.

## GROUND FOR REVIEW

**GROUND ONE: DID THE COURT OF APPEALS ERR IN FAILING TO PROPERLY ADDRESS THE MERITS OF MS. MEANS' CLAIM THAT THE STATE'S CLOSING ARGUMENT WAS IMPROPER FOR COMMENTING ON THE FAILURE TO CALL A WITNESS WHEN IT DID NOT CONSIDER MS. MEANS' TESTIMONY THAT SHE WAS UNABLE TO LOCATE THE WITNESS AT THE TIME OF TRIAL ?**

## REASON FOR REVIEW

The Fourteenth Court of Appeals has decided an important question of state or federal law in a way that conflicts with the applicable decisions of the Court of Criminal Appeals or the Supreme Court of the United States. Tex. R. App. P. 66.3(c).

## STATEMENT OF FACTS

Temidayo Akinwande, a loss prevention associate with Wal-Mart, was working on September 1, 2013, near the self-checkout area with another loss prevention associate when he noticed two women checking out. One of the women was scanning items and the other was placing the items in a basket. He noticed that not all of the items being placed into the basket had been properly scanned. Mr. Akinwande identified Ms. Means in the courtroom as one of the women who he saw that day. When they walked out of the store, he followed them. Ms. Means was pushing the basket so, consistent with Wal-Mart policy, he was focused on stopping her. He was able to stop her, but the other woman walked off. (3 R.R. at 9-12).

6

Mr. Akinwande told Ms. Means that he was with loss prevention and he asked her to come with him back inside the store to a back office. Mr. Akinwande obtained a receipt from Ms. Means and then went through the merchandise and separated the items that had been paid for from the items that had not been paid for. He then created a new receipt of only the items that were not paid for. (3 R.R. at 13-20). There were approximately 22 items that were not paid for. The total value of only the sports bras that were unpaid for was approximately $50.73. (3 R.R. at 22-23).

The surveillance video that captured the events showed only the other woman placing the unscanned items in the bag. Ms. Means is not visible placing unscanned items in the basket on the surveillance video. In other words, according to the video, Ms. Means paid for every item that she placed into the basket. Although he testified that Ms. Means was calm when he brought her back into the store, Ms. Means had an anxiety attack and was taken from Wal-Mart to the hospital on that day. (3 R.R. at 28-32).

Ms. Contina Means testified at trial that she was at Wal-Mart on September 1, 2013, with a friend of her daughter who was in town from New Orleans. The girl, known only as "N.O.," had asked Ms. Means to take her to Wal-Mart and Ms. Means agreed to do so. The two women used one cart, but separated their items when checking out. N.O. rang up her items first. Ms. Means thought that N.O. had properly scanned all of the items. Ms. Means then scanned all of her items and paid for them. Ms. Means testified that she did not take anything from the Wal-Mart that

7

day that she did not pay for. Additionally, she did not purchase bras at Wal-Mart that day. On the list of items that were allegedly not paid for, the only items that were hers were the bananas. (3 R.R. at 41-52).

Repeatedly during closing argument, the State attempted to shift the burden of proof and trial counsel failed to object. During cross examination of Ms. Means, the State introduced the improper suggestion that Ms. Means had an obligation to produce evidence supporting her plea of not guilty:

[STATE]: When's the last time you saw N.O.?

[Ms. MEANS]: The day of the incident.

[STATE]: Is there a reason she's not testifying on your behalf?

[MS. MEANS]: No. She didn't know I was going to trial or nothing. I tried to locate her. I got on Facebook. I got on Instagram to try to locate her, but everybody kept saying she went back to New Orleans.

[STATE]: You've known you were going to trial for a while, right?

[Ms. MEANS]: Yes.

[STATE]: So your lawyer could have subpoenaed N.O. at any time before today, correct?

[MS. BROWN]: Objection, calls for speculation.

[THE COURT]: Overrruled. You may answer.

[STATE]: Your lawyer could have subpoenaed N.O. at any point prior to knowing that we're going to trial, right?

8

[MS. MEANS]: Correct.

(3 R.R. at 54-55). Then, during closing argument, the State argued:

> So, she's going to talk about N.O., the mystery woman, the N.O. who's in Louisiana, who nobody can find.
>
> She could have been subpoenaed by the defense; the loss prevention officer in the parking lot could have been subpoenaed by defense, none of that happened. (3 R.R. at 76).
>
> ...She was on video. You know she's there. You know she's with this woman. She knows her well enough to take her to Wal-Mart, pay for her stuff; but we still don't know who she is. She's not sitting there supporting this story. She's not sitting there defending Ms. Means in any way. (3 R.R. at 78).

**GROUND ONE: DID THE COURT OF APPEALS ERR IN FAILING TO PROPERLY ADDRESS THE MERITS OF MS. MEANS' CLAIM THAT THE STATE'S CLOSING ARGUMENT WAS IMPROPER FOR COMMENTING ON THE FAILURE TO CALL A WITNESS WHEN IT DID NOT CONSIDER MS. MEANS' TESTIMONY THAT SHE WAS UNABLE TO LOCATE THE WITNESS AT THE TIME OF TRIAL ?**

### ARGUMENT

Tex. R. App. P. 47.1 requires the court of appeals to "hand down a written opinion... that addresses every issue raised and necessary to final disposition of the appeal." This mandate requires the court of appeals to not only set out a party's argument, but to address every issue raised. *Armstrong v. State*, 845 S.W.2d 909, 910 (Tex. Crim. App. 1993). Ms. Means is entitled to a remand to the court of appeals so that the court can consider her argument that the State improperly attempted to shift the burden of proof to her when it suggested to the jury in closing argument that Ms. Means should have a called a witness that the evidence demonstrated was unavailable

9

at the time of trial in violation of this Court's opinion in *Rogers v. State*, 486 S.W.2d 794, (Tex. Crim. App. 1972).

In her brief on appeal, Ms. Means advanced the argument that defense counsel's assistance was ineffective during the guilt-innocence phase of the trial because counsel failed to object to the State's closing argument shifting the burden of proof to Ms. Means by commenting on Ms. Means failure to produce the testimony of a witness after Ms. Means had clearly testified that she was unable to locate the witness. Ms. Means' contention that the State's comments at closing were impermissible was based on the unavailability of the witness the State refers to, but the court of appeals failed to consider that issue that was "raised and necessary to final disposition of the appeal" pursuant to Rule 47.1. See *Sims v. State*, 99 S.W.3d 600, 604 (Tex. Crim. App. 2003)("The appellant's main argument before the Court of Appeals was that the tapes are the best evidence that he was not intoxicated. ... This was an issue necessary to the decision.").

The Fourteenth Court of Appeals' opinion does not address Ms. Means' argument that although it is true that the prosecution can generally comment on the accused's failure to call a witness, but there is an exception to that general rule in the case, as here, where there is a showing that the accused could not secure the witness's attendance at trial. *See Rogers v. State*, 486 S.W.2d 794, 797 (Tex. Crim. App. 1972); *Albiar v. State*, 739 S.W.2d 360, 362-63 (Tex. Crim. App. 1987)("[A] prosecuting attorney may comment in his final jury argument on the failure of a defendant to call a

10

competent and material witness, when it is shown that such witness was available to testify on behalf of the defendant, but was not called by the defendant to testify.").

The Fourteenth Court of Appeals' opinion cites *Rogers* for the proposition that "a prosecutor may comment on the accused's failure to call a witness absent a showing that the witness was incompetent or that the accused could not, despite his exercise of due diligence, secure the witness's attendance at the trial." *See Means v. State*, No. 14-14-00211-CR, 2015 WL 1501759 (Tex. App. -Houston [14th Dist.] March 31, 2015). The court of appeals' opinion fails to consider the testimony of Ms. Means indicating that she tried to find the witness, but was unable to do so.

Ms. Means is entitled to have this matter remanded to the court of appeals pursuant to Rule 47.1, so that the court can consider the merits of her argument that that the State improperly attempted to shift the burden of proof to her when it suggested to the jury in closing argument that Ms. Means should have a called a witness that the evidence demonstrated was unavailable at the time of trial in violation of this Court's opinion in *Rogers v. State*, 486 S.W.2d 794 (Tex. Crim. App. 1972).

11

## PRAYER

For the reason stated above, Ms. Means prays that this Court grant her petition and remand this cause to the Fourteenth Court of Appeals to consider her argument that that the State improperly attempted to shift the burden of proof to her when it suggested to the jury in closing argument that Ms. Means should have a called a witness that the evidence demonstrated was unavailable at the time of trial in violation of this Court's opinion in *Rogers v. State*, 486 S.W.2d 794, (Tex. Crim. App. 1972).

Respectfully submitted,

**ALEXANDER BUNIN**
Chief Public Defender
Harris County Texas


*/s/ Daucie Schindler*
**Daucie Schindler**
Assistant Public Defender
Harris County Texas
1201 Franklin, 13th Floor
Houston Texas 77002
(713) 368-0016
(713) 368-9247 fax
TBA No. 24013495
daucie.schindler@pdo.hctx.net

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with Tex. R. App. Proc. 9. It was prepared on a computer using 14-point Garamond type. It contains 2,430 words.

/s/ Daucie Schindler
**DAUCIE SCHINDLER**
Assistant Public Defender

## CERTIFICATE OF SERVICE

I certify that I electronically served a copy of this brief to the Harris County District Attorney and a copy has also been mailed to Lisa McMinn, State Prosecuting Attorney, P.O. Box 13046, Austin, TX 78711, by first class mail on June 1, 2015.

*/s/ Daucie Schindler*
**DAUCIE SCHINDLER**

Assistant Public Defender

APPENDIX A



In The

## 𝔉ourteenth 𝔠ourt of 𝔄ppeals

### NO. 14-14-00211-CR

**CONTINA FELICIA MEANS, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from County Criminal Court at Law No. 11
Harris County, Texas
Trial Court Cause No. 1916493**

## M E M O R A N D U M   O P I N I O N

A jury convicted appellant Contina Felicia Means of misdemeanor theft. The trial court sentenced appellant to confinement for 180 days in the Harris County Jail, suspended appellant's sentence, and placed her on community supervision for one year. Appellant challenges her conviction asserting she received ineffective assistance of counsel. We affirm.

## BACKGROUND

A loss-prevention associate with Wal-Mart saw appellant leaving the store without paying for items in her shopping basket. Appellant was accompanied by another woman, whom appellant would later identify as "N.O." When the loss-prevention associate approached the two women, he was able to stop appellant, but the other woman walked away. Appellant testified that she or N.O. had paid for all the items in the shopping basket.[1]

## INEFFECTIVE-ASSISTANCE-OF-COUNSEL CLAIM

In a single issue, appellant claims defense counsel's assistance was ineffective during the guilt-innocence phase of trial. Specifically, appellant argues counsel's failure to object to the State's closing argument allegedly shifting the burden of proof to appellant to prove her innocence deprived appellant of effective assistance of counsel.

To prevail on an ineffective-assistance claim, a defendant must prove (1) counsel's representation fell below the objective standard of reasonableness, and (2) there is a reasonable probability that but for counsel's deficiency the result of the proceeding would have been different. *Strickland v. Washington*, 466 U.S. 668, 687, 694 (1984); *see Hernandez v. State*, 726 S.W.2d 53, 55 (Tex. Crim. App. 1986) (applying *Strickland* standard to ineffective-assistance claims under the Texas Constitution). In considering an ineffective-assistance claim, we indulge a strong presumption that counsel's actions fell within the wide range of reasonable professional behavior and were motivated by sound trial strategy. *Strickland*, 466 U.S. at 689; *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999); *Jackson v. State*, 877 S.W.2d 768, 771 (Tex. Crim. App. 1994). To overcome this

---

[1] We limit our discussion of the evidence to that which is necessary for the issue raised on appeal.

presumption, an appellant's claim of ineffective assistance of counsel must be firmly demonstrated in the record. *Thompson*, 9 S.W.3d at 814. In most cases, direct appeal is an inadequate vehicle for raising such a claim because the record is generally undeveloped and cannot adequately reflect the motives behind trial counsel's actions. *Rylander v. State*, 101 S.W.3d 107, 110–11 (Tex. Crim. App. 2003); *Thompson*, 9 S.W.3d at 813–14. When the record is silent regarding trial counsel's strategy, we will not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005).

The record reflects that during closing argument, the State argued, without objection, as follows:

> So, she's going to talk about N.O., the mystery woman, the N.O. who's in Louisiana, who nobody can find.
>
> She could've been subpoenaed; those videos could have been subpoenaed by the defense; the loss prevention officer in the parking lot could have been subpoenaed by defense, none of that happened.
>
> . . .
>
> She was on video. You know she's there. You know she's with this woman. She knows her well enough to take her to Wal-Mart, pay for her stuff; but we still don't know who she is. She's not sitting there supporting this story. She's not sitting there defending Ms. Means in any way.

Citing *Garrett v. State*, 632 S.W.2d 350, 353 (Tex. Crim. App. 1982), appellant argues the State may not comment on the failure to call competent and material witnesses unless it is shown that such witnesses were available to testify on her behalf. An attorney's failure to object to proper argument cannot be ineffective assistance, so we first decide whether the State's argument was improper. *Richards v. State*, 912 S.W.2d 374, 379 (Tex. App.—Houston [14th Dist.] 1995, pet. ref'd).

*Garrett* is distinguishable from the case at bar. In *Garrett*, the issue was the prosecution's comment in closing that the defendant was "a man that if his friends and family could bring you an alibi [defense, they] would [have]." *Id.* The Court of Criminal Appeals found that this statement was not only outside the record but also constituted an improper allusion to the defendant's failure to testify because the State put on all of the witnesses who were present during the robberies and there was no evidence before the jury that anyone else was available. *Id.* The high court found that "there was nothing whatsoever to reflect that the appellant had any witnesses who could have testified to the defense of alibi." *Id.* at 351. The *Garrett* court held that the comment clearly constituted trial error because the defendant was the only person left who could have been in a position to testify as to an alibi. *Id.* at 353 (explaining that "an implied or indirect allusion to the failure of the accused to testify" is not enough to support error unless the comment calls "for a denial of an assertion of fact ... that only the defendant is in a position to offer").

Appellant testified, and in the State's closing argument the prosecutor, referred to evidence that could have come from N.O., not to evidence that could come only from appellant. The State may assert in its closing argument that the defendant failed to present evidence in her favor. *See Bible v. State*, 162 S.W.3d 234, 249 (Tex. Crim. App. 2005) (stating that prosecutor may comment on defendant's failure to call certain witnesses and such comment is not impermissible attempt to shift burden of proof); *Jackson v. State*, 17 S.W.3d 664, 674 (Tex. Crim. App. 2000) (prosecutor's reference during closing argument to defendant's failure to produce expert testimony was not improper because the remark did not fault the defendant for exercising his right not to testify); *Patrick v. State*, 906 S.W.2d 481, 491 (Tex. Crim. App. 1995) (holding that a prosecutor's comment is not improper if it "can reasonably be construed to refer to appellant's failure to produce evidence

4

other than his own testimony"); *Rodgers v. State*, 486 S.W.2d 794, 797 (Tex. Crim. App. 1972) (explaining that a prosecutor may comment on the accused's failure to call a witness absent a showing that the witness was incompetent or that the accused could not, despite his exercise of due diligence, secure the witness's attendance at the trial); *Baines v. State*, 401 S.W.3d 104, 107–08 (Tex. App.— Houston [14th Dist.] 2011, no pet.) (holding that a prosecutor's comment on the defense's failure to subpoena two witnesses was not error); *Caron v. State*, 162 S.W.3d 614, 618 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (noting that "[d]uring jury argument, the State may comment on appellant's failure to present evidence in his favor"). Thus, the argument was not improper and there could be no ineffective assistance of counsel by failing to object. *See Johnson v. State*, 987 S.W.2d 79, 84 (Tex. App.—Houston [14th Dist.] 1998, pet. ref'd). We overrule appellant's sole issue on appeal.

The trial court's judgment is affirmed

/s/    Kem Thompson Frost
Chief Justice

Panel consists of Chief Justice Frost and Justices Boyce and McCally.
Do Not Publish — Tex. R. App. P. 47.2(b).

5